JOHN COSTELLO, an Infant, by JOHN COSTELLO, his Guardian ad Litem, Appellant, *v.* THE THIRD AVENUE RAILROAD COMPANY, Respondent.

*Negligence — a boy of eight killed by running into a cable car in the middle of a block — contributory negligence.*

A corporation maintaining a line of cable cars on an avenue running north and south in New York city, is not liable for the death of a boy eight years of age who, while running diagonally across the avenue at the middle of a block, toward the east side thereof, without stopping to look or listen, was struck and killed just as he stepped upon the westerly rail of the east track by a car going north which, when he started to cross the street, was in plain sight proceeding slowly behind a covered wagon, but the speed of which the gripman had suddenly accelerated after the wagon had left the track and while the gripman was looking to the east and continuing an altercation he had been holding with the driver of the wagon.

INGRAHAM and PATTERSON, JJ., dissented.

APPEAL by the plaintiff, John Costello, an infant, by John Costello, his guardian *ad litem*, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 18th day of May, 1897, upon the dismissal of the complaint by direction of the court after a trial at the New York Trial Term.

The action was brought to recover damages for injuries sustained by the plaintiff from being run over by a cable car through the negligence of the defendant. At the time of the injury the plaintiff was about eight years old and a bright healthy boy. The accident occurred about noon on a clear day. The plaintiff left his home on the easterly side of Third avenue a few minutes before he was injured, and it was while he was returning towards his home and crossing Third avenue between Ninety-ninth and One Hundredth streets that he was run over. The car which struck the plaintiff had been going slowly north, having been obstructed by a covered wagon in front of it on the track. Prior to the accident the motorman was engaged in an altercation with the driver of the wagon, which was continued after the wagon turned off the track; and the motorman, while talking to the driver and looking towards the east, increased the speed of the car, which shot ahead and reached and struck the plaintiff just as he had placed his foot on the westerly

rail of the east or uptown track. At the time and place of the accident there was no car going south on the westerly track. At the conclusion of the evidence a motion was made to dismiss the complaint on the ground that the plaintiff was guilty of contributory negligence, which motion was granted, and from the judgment subsequently entered this appeal is taken.

*Edmund Luis Mooney,* for the appellant.

*Henry L. Scheuerman,* for the respondent.

O'BRIEN, J.:

The sole question for our consideration is as to whether or not the trial judge erred in dismissing the complaint upon the ground that the plaintiff was guilty of contributory negligence. In disposing of the motion to dismiss, the learned judge summarized the facts by saying : "The boy while running diagonally across the street, with nothing to obstruct his view, was struck by the left side of the front of the car and thrown under the left side of the car. This shows conclusively that he had not sufficient time to head off the car, and that in making the attempt he was guilty of contributory negligence." This summary, which is exact, seems to us to sustain the ruling made, but the earnest argument made against such a conclusion, and the sympathy which is excited from so serious an accident to a boy of tender years, and the different inferences which it is insisted can be drawn from the facts, have required an examination of the question with a view to determining whether, upon any inference to be fairly deduced, the little boy can be absolved from the charge of contributory negligence, as matter of law.

The rule is that only in cases where the evidence shows that the negligence of the plaintiff contributed to the injury as a proximate cause of it, is the court justified in withholding that question from the jury. In determining whether such negligence here existed, we must apply another rule, viz., that a child is called upon to exercise only that degree of care required from one of its age, and it is only the absence of such care that will be regarded as contributory negligence. What would be negligence, therefore, in an adult is not, as matter of law, negligence in a child. But, in determining in a given case whether such negligence is present or absent, where

injuries to a child are involved, its age must be considered as well as whether its own act was the proximate or only the remote cause of the injury. Although here the child was but eight years of age, it is conceded that he was a bright boy, capable of caring for himself while on the street and in crossing it. His tender age would forbid our expecting any great degree of care and prudence, yet, being *sui juris,* it must be held that he was bound to exercise some care commensurate with his age and intelligence.

Applying these rules to the facts appearing, we could only absolve the boy from the charge of contributory negligence by assuming that his running upon the track was in no sense one of the proximate causes leading to the injury; or that he was not bound to observe any care in crossing an avenue which was constantly traversed by cable cars; or that he was in no way negligent on such an avenue to start in the middle of the block on a run, with nothing to prevent his observing the car moving north at a slow rate of speed with a wagon in front of it, and, seeing the car, never abate his speed in his journey across the avenue, thus taking all chances or risks of crossing in safety. It will be observed that the witnesses all agree that the boy was running and did not stop while crossing the avenue, and we have no evidence to show whether he looked for or at the approaching car, or in what direction he was looking, nor is there any proof that he did anything in the way of care or precaution, except to run into collision with the car. He did not stop, look or listen for its approach, and we are left in doubt as to whether he really saw the car; for if he had observed it, he surely would have known of its close proximity to him and the danger which he would thereby run in crossing the track. The only inference to be drawn is that he ran heedlessly, without reference to the position of the car, across the avenue. That he stepped on the track at a time when it was impossible for him to get across and escape the car is conclusively shown, the evidence being that he was struck by the left-hand corner of the car just as he placed his foot on the first rail. Hence, the conclusion is irresistible that he was himself a contributing cause of and that he created the situation from which his injuries flowed. Upon no inference, therefore, to be drawn from the facts can we relieve the little boy from the charge of contributory negligence. True, as already stated, he was but eight years of age, and

not chargeable with any great degree of intelligence or care; but however we may minimize these, we cannot absolve him from blame. He was struck by an upbound car in the middle of the block, not as he was leaving the track, but, as said, just as he was entering upon it, the fact being that he ran right into the car and was struck just as he attempted to place his little feet on the first rail. Assuming, as we must, that there was sufficient to show that the motorman was negligent in not looking and seeing the boy, yet, if he had seen him running across in the middle of the block, he could not have concluded that, with the car so close, the boy would continue to run and attempt to cross. We think it clearly appears that, apart from the defendant's negligence, the failure to observe the slightest care or precaution of any kind on the boy's part contributed to the accident. The conclusion follows that for the injuries received the little boy was chiefly blamable, and should not be allowed to recover.

The only contrary inference suggested is that attempted to be drawn by the appellant, to the effect that when the boy started to run across the avenue the car was going slowly, and that when he reached the track the car suddenly increased its speed to full headway; and, therefore, that the little boy, with his small intelligence, committed merely an error of judgment in assuming that he had time to get across, which, it is insisted, he could have done had the car continued at the speed at which it was going when the boy started on his journey. And thus it is sought to bring the case within the principle laid down in *Fandel* v. *Third Avenue Railroad Co.* (15 App. Div. 426). There the accident happened, not in the middle of the block, but at or near the north crosswalk of Ninety-fifth street, and there was evidence to show " that this street car accelerated its speed after the woman stepped upon the track." If this boy had reached the track and then the car had suddenly accelerated its speed, one of the elements conspicuous in the *Fandel* case would have been present; and if, in addition, the accident had occurred at a crossing, there would be some analogy between this and the case cited, but upon the facts the two cases are entirely dissimilar. Another answer to the appellant's suggestion is, that it does not appear that the boy was calculating upon the speed of the car, but he started to run across and continued to run, regardless of the rate at which the car was going, and, instead of the car running

into him, he ran into the car. Unless, therefore, we are to hold that as to every boy who, without observing any care or precaution, is injured while crossing the tracks of a street railroad, the company is liable to compensate him for his injuries, upon the doctrine that it is an insurer, we must conclude that, upon the facts here appearing, the ruling of the trial judge in dismissing the complaint on the ground of contributory negligence was right.

The judgment should be affirmed, with costs.

VAN BRUNT, P. J., and McLAUGHLIN, J., concurred; INGRAHAM and PATTERSON, JJ., dissented.

INGRAHAM, J. (dissenting):

I cannot concur in the affirmance of this judgment. The complaint was dismissed solely upon the ground that the plaintiff was guilty of contributory negligence. There was evidence to sustain a finding that when the plaintiff started to cross the track this car was proceeding at a slow rate of speed, not faster than a man could walk; that the plaintiff started to cross the track diagonally upon a run, but that, after he started, the car, having been blocked by a wagon in front of it, suddenly accelerated its speed, and thus caught the plaintiff before he was able to get across the track, and injured him. It seems to me that, upon the question as to whether or not it was contributory negligence as a matter of law to make the attempt to cross the track, the situation as it existed when the attempt was made is a controlling consideration. If at the speed that the car was then moving it was safe to cross in front of it, it seems to me certainly a question for the jury to determine whether a person about to cross such a track in a crowded city street is bound to anticipate that the speed of the car will be suddenly accelerated without notice or warning, so that an act which is without danger under existing conditions becomes dangerous because of a change in the condition caused by the defendant. The act of crossing the street between the crosswalks is not of itself contributory negligence. It is merely a fact to be taken into account in determining whether or not the defendant was negligent. There certainly was evidence from which the jury could find that it was not negligent for the plaintiff to attempt to cross this track where he did, if the car had not increased its speed, and it seems to me equally clear that the plaintiff was not bound to assume that the speed would thus be sud-

denly increased without some sort of warning.   There was evidence tending to show that the defendant's car, upon its way up Third avenue, had been stopped by a truck upon the track, so that its headway had been checked, and it was proceeding at a slow pace, about as fast as a man could walk; and it is quite apparent that as the car could not proceed on its way rapidly until this truck left the track, the plaintiff started to run across the track obliquely in front of the wagon and the car.   As he got upon the track the truck was leaving the track, and the motive power was suddenly applied to the car so that it shot rapidly forward from behind the truck and struck him. A passenger in the car saw the boy as he was upon the south-bound track, some time before the power was applied to the car.   The boy was then running across the track.   If the motorman had been attending to his business, looking out for persons upon the track, it is quite clear that he could have seen the boy and could have delayed applying the power to the car until the boy was across the track. Instead of that, he seems to have been paying exclusive attention to the truck driver, and engaged in conversation with him, not only while he was upon the track, but after he had left it ; and he then applied the motive power to the car and caused the car to shoot ahead, without looking to see if the track was clear in front of him, or whether the plaintiff was in such a position that he would be injured by the increased speed of the car.   The situation, as it appeared to the plaintiff at the time he started to cross the track, was that this car was proceeding slowly, not faster than the speed with which a man could walk, with a wagon on the track, or about turning from the track between the place where he attempted to cross and the car.   Was it, as a matter of law, negligent for him to attempt to cross the track in front of this wagon at this place under these circumstances?   I do not think it was.   Whether or not an act is negligent must be determined from a consideration of the circumstances surrounding the person injured at the time of the happening of the injury.   We have here a street railway running cars at short intervals, the motive power being supplied by a cable underneath the street.   This thoroughfare runs through a densely populated portion of the city and is largely used by wagons and trucks, as well as by the line of cars of the defendant's railway ; and any one attempting to cross this street with a large number of the

defendant's cars and the trucks and wagons using the street, must necessarily seize such an opportunity as is presented by a temporary stoppage of vehicles; and if it were negligent for any one to attempt to cross this street when there was a car approaching, it is quite apparent that during the busy portion of the day every one would be negligent if he attempted to cross at all.

Now, this boy, in crossing the street, saw a truck upon the track and a car behind it approaching quite slowly. He took advantage of this situation to run across the track, not in front of a car rapidly approaching, but in front of a car almost at a standstill, and where, but for the sudden application of the power of the car, he would have been in perfect safety. He had a right to anticipate that the motorman of the car would use ordinary care to ascertain whether the track was free before increasing the speed of the car. He certainly was not bound to wait until the motorman and the driver of the truck had finished their conversation to see whether or not the motorman would apply the power to the car immediately upon the track being clear, without looking to see whether any one was in front of him upon the track. When the plaintiff attempted to cross, the track was clear. The car was approaching at a rate of speed which would give him ample time to cross, and there was nothing to indicate to any one that the motorman would rapidly increase the speed of the car without considering the condition of the track in front of him, or whether or not a person crossing the street was in such a position as to be injured. This is not a case where a person attempts to cross directly in front of an approaching car, and miscalculates the time which must ensue before the approaching car will reach the place where he attempts to cross; but a case where, a car approaching at a slow rate of speed, which would give the person crossing ample opportunity to cross free from danger, a person is injured because of the negligent increase of the speed of the car by the motorman. The application of a power for the propulsion of street cars, then novel in its character, so far as its use in this city is concerned, and which is much more quickly applied than the horse power formerly in use, so that a higher rate of speed is much more quickly acquired by the car, certainly calls for more care on the part of those managing the car, when it is running through a crowded thoroughfare, to avoid injuring

persons upon the track by reason of the increased momentum when applied to a car, than was necessary under the old system; and the fact that a person using the street does not anticipate that such increased momentum will be suddenly imparted to the car when, but for such increased momentum, there would be no danger, cannot be said to be a negligent act which would justify a court in holding that contributory negligence existed as a matter of law. Assuming the facts testified to by the plaintiff's witnesses to be true, it seems to me that the motorman, had he been looking, would have seen this boy approaching the track, and that had he waited for a moment, before applying the power to the car, the plaintiff would have crossed in safety; but it cannot, I think, be said that any observation of the plaintiff could have caused him to suspect that this motorman would suddenly apply the power to the car so as to cause it to shoot forward from behind this truck. It does not clearly appear upon just what portion of the track the plaintiff was when he was struck by the car. Mr. Brewster, a witness for the plaintiff, states that he first saw the boy upon the south-bound track about eight feet in front of the car; that the boy was then on a run, and that the car was then going very slow, about as fast as a person could walk. The plaintiff was thus in this position before the motorman applied the power to the car. As soon as he applied the power the witness realized the situation and at once called to the motorman, "You have struck a boy; you have struck a child." At the time of this exclamation, when the power was applied, the child passed out of the vision of the witness, the fender or dashboard of the front platform of the car being between himself and the plaintiff. The plaintiff must therefore, have run so much in front of the car before the movement of the car increased, that he was out of sight of the witness in the car. But it is clear that the plaintiff was actually on the track when he was struck; and it is also clear that he was struck almost immediately after the motorman applied the power to the car. Upon this condition of the testimony, it seems to me that it was a question for the jury to decide whether it was negligence for the plaintiff to attempt to cross the track in front of this slowly-moving car, when, but for a rapid acceleration of the speed of the car, he could have crossed in safety; and whether it was negligence for the defendant so to increase the speed of the car as to run over

a person on the track, or rapidly approaching the track in order to cross it, without observing the person, and without adopting some means to avoid an accident which appeared to be imminent in case the speed of the car was so accelerated.

The case of *Fandel* v. *Third Avenue R. R. Co.* (15 App. Div. 426) is in point, and to affirm this judgment would be to reverse our decision in that case. It was said there in the prevailing opinion that "it was necessary for one attempting to cross the track to cross somewhat closely in front of any street car, and it was not contributory negligence, as a matter of law, to do so, unless the speed of the car was so great and its proximity so close that the pedestrian would not probably be able to escape it. As is well known, even careful persons must, in pursuance of their ordinary avocations, cross the streets of this city in front of vehicles and moving cars, and to say that to do that constituted contributory negligence, as a matter of law, would put an embargo upon the streets so far as pedestrians are concerned." And neither in the prevailing opinion nor in the dissenting opinion is that proposition of law disputed. The only ground of the dissent was that the question of the speed of the car in that case was immaterial, as there was nothing to show that the speed of the car was increased between the time that the plaintiff stepped upon the track and the time that she was struck, and nothing to show that after she stepped upon the track any action of the gripman, however prompt, could have averted the accident.

It seems to me that we have here the proof from which the jury could find that the acceleration of the speed of this car was the sole cause of the accident; that, but for such acceleration of the speed, the plaintiff could have crossed the track in safety, and that it was not negligence for a person to attempt to cross such a street where the car was so nearly at a standstill that a person walking quickly could avoid it.

Unless we are prepared to overthrow the principles established in the *Fandel* case, and which seem to have been acquiesced in by all the members of the court, I do not see how we can sustain this judgment. On the authority of that case I think this judgment should be reversed.

Judgment affirmed, with costs.